UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

DEAN HAMMOND, *et al.*,

    Plaintiffs,

V.

WILLIAM S. EVANS, III, *et al.*,

    Defendants.

CIVIL NO. 5:20-244-KKC

MEMORANDUM ORDER

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on its own motion for case management purposes. In related action, Case No. 5:20-CV-226, *Commodity Futures Trading Commission v. William S. Evans, III, et al.,* the Court has entered an order tentatively approving settlements between Special Counsel Barry Hunter and Defendants Wallingford Law, PSC ("Wallingford"), David Caldwell, and Carl and Joyce Patterson. However, in this matter in particular, the record reflects that Plaintiffs' Motion to Compel Discovery by Third-Party Witness Wallingford remains pending. Based on the ongoing activity in the related action, the Court perceives that this discovery issue is no longer in controversy. Accordingly, the Court will deny the Plaintiffs' Motion to Compel (DE 50) as moot.

Plaintiff Jennie Scruggs' ("Scruggs") Motion for Partial Summary Judgment to Impress a Constructive Trust is also pending in this action. (DE 49). Here, Scruggs submits that she deposited approximately five-million dollars[1] to Defendants' account at Ironbeam, Inc. ending in 8734 and on Defendants' account at Central Bank, ending in 0904. (*Id.*) She

---

[1] William and Francis Hammond and Jennie Scruggs amended the complaint, on July 13, 2020, to include a claim to impress a constructive trust for the benefit of Scruggs on $4,627,400 allegedly deposited into and currently maintained in two of the accounts restrained by CFTC; namely Ironbeam Inc. account ending in 8734 in the name of Frances Evans (the "Ironbeam Account") and Central Bank account ending in 0904 in the name of William Evans d/b/a Turning Point Investments (the "Central Bank Account"). (DE 14 at 9).

thus asks the Court to impress a constructive trust for the benefit of Scruggs on the two accounts.

As one of several victims whose lives have been deeply impacted by the fraud perpetrated by Defendants, the Court is sympathetic to Scruggs' request for a constructive trust. Unfortunately, however, given the pending forfeiture allegations in the criminal matter, *United States v. Evans*, 5:20-CR-127, and the interplay between the civil forfeiture action, *United States v. All Funds On Deposit In Iron Beam, Inc., et al.*, 5:20-CV-408-KKC, and the case brought by the Commodity Futures Trading Commission ("CFTC"), 5:20-CV-226, the Court elects <u>not</u> to grant Scruggs this relief in the interim. Accordingly, the Court will deny Plaintiff Jennie Scruggs' Motion for Partial Summary Judgment (DE 49) without prejudice.

In sum, the Court hereby ORDERS as follows:

1. Plaintiffs' Motion to Compel against Wallingford Law, PSC (DE 50) is DENIED as moot.

2. Plaintiff Jennie Scruggs' Motion for Partial Summary Judgment to Impress a Constructive Trust (DE 49) is DENIED without prejudice.

Dated July 19, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

2